IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



SARAH E. WIEDER )
)
Plaintiff, )
)
v. )  Civil Action No.: 3:14CV471
)
)
SUN LIFE ASSURANCE COMPANY )
OF CANADA )
Serve:   c/o E. Ford Stephens, Esq. )
Registered Agent )
Christian & Barton, LLP )
909 East Main Street, Suite 1200 )
Richmond, Virginia 23219-3095 )
)
and )
)
MEDNAX SERVICES, INC. LONG-TERM )
DISABILITY PLAN )
Serve:   c/o Sun Life Assurance Company )
of Canada, Plan Administrator )
E. Ford Stephens, Esq. )
Registered Agent )
Christian & Barton, LLP )
909 East Main Street, Suite 1200 )
Richmond, Virginia 23219-3095 )
)
Defendants. )

## COMPLAINT

Plaintiff Sarah E. Wieder ("Wieder or "Plaintiff"), by counsel, states as follows

as her Complaint against defendants Sun Life Assurance Company of Canada ("Sun

Life") and the MEDNAX Services, Inc. Long-Term Disability Plan (the "Plan")

(collectively "Defendants").

1

### NATURE OF ACTION

1.      This is an ERISA[1] denial-of-benefits case. In January 2013, Wieder began suffering from pain caused by a ruptured ovarian disc. This pain then worsened dramatically when, while performing surgery to remove Wieder's ovaries, Wieder's surgeon accidentally lacerated her bladder. This resulted in Wieder's bladder adhering to her pelvic floor. Since then, Wieder has experienced sustained and severe back and pelvic pain (requiring ongoing medications) and occasional incontinence. This pain also exacerbated Wieder's pre-existing fibromyalgia, which, prior to her surgery, had essentially been dormant. Despite these problems, despite the fact that *none* of the myriad physicians who personally treated Wieder opined that she could return to work at her former occupation, and despite the fact that it initially *approved* Wieder for benefits for several months, the Plan, through Sun Life, denied Wieder's claim for any LTD benefits beyond June 30, 2013. Wieder appealed the decision, but the Plan, again through Sun Life, upheld it. As is explained herein and as will be shown by the administrative record in this case, the denial of Wieder's claim for LTD benefits is incorrect, wrong, an abuse of discretion, arbitrary and capricious, and otherwise unreasonable. As such, Wieder now brings this action (i) to enforce her rights, pursuant to § 1132(a)(1)(B) of ERISA, to receive LTD benefits under the Plan; and (ii) to declare that the Plan failed to provide her with a "full and fair review," as required under ERISA, with respect to her claim for continued LTD benefits.

---

[1] "ERISA" is the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

3.      Venue is proper in this district and division pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391, and Local Rule 3(B)(4), as this is the district and division where a substantial part of the events or omissions giving rise to the claims herein occurred.

## PARTIES

4.      Wieder is an individual resident of Henrico, Virginia. At all times herein, she is, was, and has been, a participant in the Plan, as defined under § 1002(7) of ERISA, through her status as a former full-time employee of MEDNAX Services, Inc. ("MEDNAX").

5.      The Plan, sponsored by MEDNAX, is an employee welfare benefit plan as defined under § 1002(1) of ERISA and is governed by ERISA. At all relevant times herein, MEDNAX is, was and has been the plan administrator, as that term is defined under § 1002(16) of ERISA, for the Plan.

6.      The Plan is funded through a group long-term disability insurance policy issued by Sun Life. The policy is identified as Group Policy No.: 93724 and serves as the sole source of the LTD benefits at issue in this case.

7.      The Plan designates Sun Life as the claims administrator and the claims fiduciary, as that term is defined under § 1002(21) of ERISA, for the Plan. Sun Life processes initial claims for benefits and also retains final decision-making authority

when it comes to any denial decisions that are appealed. In its capacity as claims fiduciary, Sun Life made, or is otherwise legally responsible for, all of the decisions at issue in this suit.

FACTS

8.    At all relevant times herein prior to January 2013, Wieder worked full-time as a Patient Accounts Specialist at MEDNAX. In that capacity, Wieder performed such duties as: (i) manually posting insurance payments and adjustments to patient accounts using the Company's computer system; (ii) auditing patient accounts by doing line-by-line reviews of patient charges, payments, and adjustments and checking for accuracy; writing up any discrepancies; (iii) filing appeals with insurance companies when underpayments of bills are discovered; (iv) billing analysis, including ensuring all information (e.g., personal identification information, insurance company contact information, etc.) is correct; and (v) collections. Although Wieder's position was a sedentary one, it required high levels of concentration, strong critical thinking skills, strong communication skills, strong computer skills, and an ability to manage stressful situations.

9.    On January 10, 2013, Wieder took leave from her job at MEDNAX due to back pain. The source of that pain was a ruptured ovarian cyst.

10.    Five days later, on January 15, 2013, Wieder underwent a laparoscopic procedure to remove her ovaries. During the operation, however, Wieder's surgeon accidentally lacerated her bladder. This required a separate physician (a urologist) to join the operation and assist in repairing the bladder and turned a procedure that was

4

only supposed to take about 45 minutes into one that took four (4) hours. Worse, during the recovery from the procedure, Wieder's bladder adhered to her pelvic floor.

11.    As a direct result of these surgical complications, Wieder began to suffer from severe pelvic pain and incontinence. She was subsequently diagnosed with pelvic pain syndrome and, in turn, was prescribed high dosages of pain killers to assist her in dealing with her symptoms.

12.    Wieder's pain also exacerbated her pre-existing fibromyalgia, which, prior to her ovary surgery, had essentially been dormant.

13.    Due to her severe pain symptoms, as well as from the strong side effects of her medications, Wieder applied for, and received, short-term disability ("STD") benefits under the Plan. These benefits continued through April 10, 2013, at which time Wieder then applied for, and received LTD, benefits.

14.    On July 1, 2013, Wieder, despite her various problems, attempted to return to her work at her full-time position at MEDNAX. She lasted barely three weeks, however, as she constantly struggled to maintain her work schedule because of her continued pain. The last straw came on July 18, 2013, when she passed out at work and had to be taken to the emergency room.

15.    After she passed out, Wieder renewed her claim for LTD benefits based on her pelvic pain, her fibromyalgia, and the cognitive difficulties she experienced from her medications.

16.    The Plan, through Sun Life, however, denied her claim for continued benefits. Even though no one on behalf of Sun Life personally examined Wieder, the

Company, using a "cold file" review, concluded that she was capable of sedentary work. Indeed, it reached its decision despite the fact that Wieder had submitted clear and unambiguous statements from two physicians and a nurse practitioner – each of whom had personally observed and examined her – that confirmed her pain, fibromyalgia and cognitive difficulties and also stated such things as "even sedentary work is difficult for her."

17.     Wieder promptly appealed. Her appeal letter highlighted the fact that her constant pain, fibromyalgia, and cognitive difficulties made it unable for her to perform the substantial and material duties of her former occupation. It also noted that on a daily basis, Wieder took the following medication regimen: (i) 300 mg. Neurontin (2 pills, three times daily); (ii) 20 mg. Lexapro (once daily); (iii) 300 mg. Trileptal (2 every night); (iv) 1 mg. Klonopin (1-2 every night); (v) 10 mg. Baclofen (1 pill up to 3 times daily); and (iv) 800 mg. Motrin (as needed).

18.     Wieder also submitted additional medical information with her appeal. Importantly, she submitted a note from Dr. Bendheim at Virginia Physicians for Women wherein he confirmed that (i) Wieder "is still having moderate to severe pain that did not respond well to PT" and that (ii) because of her pelvic pain and her pelvic floor problems, Wieder could not return to work.

19.     Despite Wieder's appeal, the Plan, through Sun Life, upheld the denial. In doing so, not only did Sun Life -- *again* -- rely on consultants and reviewers who did not personally examine Wieder, it actually relied on a consultant from a group, Behavioral Medical Interventions, whose independence from the insurance industry is highly

questionable. Indeed, in the recent case of *Carten v. Hartford Life & Accident Ins. Co.*, (filed in the United States District Court for the Northern District of California) Scott Kale, a former physician who worked at BMI, submitted a declaration where he swore under oath that he stopped performing file reviews for BMI because he felt that the Company pressured him to alter his opinions in cases where he had found that the evidence supported a claimant's disability benefits claim.

20.    This lawsuit followed.

21.    Finally, further proof that supports Wieder's disability benefit claim in this case comes from the Social Security Administration ("SSA"). Specifically, *after* the completion of the administrative review process related to Wieder's claim, the SSA awarded Wieder Social Security Disability Income benefits. In doing so, it, by definition, concluded (even more broadly than the "own occ" Plan language at issue here) that Wieder was unable to perform any occupation due to her medical problems.

22.    As of today, Wieder is owed approximately eleven (11) months' worth of LTD benefits. She also currently remains disabled, such that she expects to be entitled to LTD benefits for the foreseeable future under the Plan.

23.    This litigation is appropriate under ERISA because to the extent applicable, Wieder has exhausted all of her administrative remedies related to her claim in this case.

24.    This litigation also is timely filed within the deadlines set forth in the Plan and the applicable statutes of limitations.

## COUNT I:
## ENFORCE AND CLARIFY RIGHT TO BENEFITS (29 U.S.C. § 1132(a)(1)(B))
### (AGAINST BOTH DEFENDANTS)

25. The allegations of paragraphs 1-24 are realleged as if fully set forth herein.

26. As is clear from the allegations stated herein, Wieder made a timely, proper and meritorious claim for LTD benefits under the Plan.

27. Despite the meritorious nature of Wieder's claim, Sun Life and the Plan wrongfully denied her claim for LTD benefits beyond June 30, 2013.

28. The denial of Wieder's claim for LTD benefits should be overturned because Sun Life's denial decision is wrong, incorrect, improper, unreasonable, unlawful, an abuse of discretion, arbitrary and capricious, and otherwise violative of ERISA.

29. Sun Life's denial decision is unsupportable for numerous reasons. These include, but are not limited to: (i) the fact that it arbitrarily refused to credit the reliance evidence from Wieder and her health care providers; (ii) the fact that it unreasonably chose to make credibility determinations about Wieder's medical conditions – and especially the subjective levels of the severity of her pain – without conducting any kind of personal examination or observation of her; (iii) the fact that it unreasonably relied solely on "cold file" reviews in the context of this particular claim; and (iv) the fact that it unreasonably relied on at least one consulting entity (BMI) whose credibility and independence from the disability insurance industry is highly questionable.

8

30.    The unreasonableness of Sun Life's denial decision also is underscored by the fact that Sun Life labors under a financial conflict of interest vis-à-vis the benefits to be paid to Wieder under the Plan.  Specifically, where an entity, such as Sun Life here, both administers and insures a plan, its profits (or losses) depend in part on how the actual cost of providing coverage diverges from the projections on which it based premiums.  Thus, over time, a predilection to deny coverage pays well, even for relatively inexpensive benefits.  Under ERISA, such a conflict must be weighed as a factor in determining whether Sun Life's denial decision was reasonable and/or correct. And here, such conflict weighs *against* the reasonableness of Sun Life's denial decision.

31.    As such, this Court should award Wieder LTD benefits under the Plan from July 18, 2013 to the present.

32.    The Court also should award Wieder her attorney's fees and all other appropriate relief under ERISA, as requested below, for having to litigate this particular issue in this lawsuit.

33.    The administrative process applicable to Wieder's claim has been exhausted and her claim is ripe for judicial review in this Court.

### COUNT II:
### REQUEST FOR FULL AND FAIR REVIEW UNDER ERISA
### (REQUEST FOR REMAND – IN THE ALTERNATIVE)
### (AGAINST BOTH DEFENDANTS)

34.    The allegations of paragraphs 1-33 are realleged as if fully set forth herein.

35. For purposes of this Count, Wieder requests that the Court hold that Sun Life's denial decision as to her claim for LTD benefits was wrong, incorrect, improper, unlawful, unreasonable, an abuse of discretion, arbitrary and capricious, and otherwise violative of ERISA.

36. For purposes of this Count, in the event that the Court cannot conclude based on the present administrative record that Wieder is entitled to LTD benefits, then she requests, as an alternative remedy, that the Court remand the claim back Sun Life for further review consistent with the full and fair review requirements of ERISA.

37. The Court should also award Wieder her attorney's fees and all other appropriate relief under ERISA, as requested below, for having to litigate this particular issue in this lawsuit.

38. The administrative process applicable to Wieder's claim has been exhausted and her claim is ripe for judicial review in this Court.

WHEREFORE, Plaintiff requests this Honorable Court to order, adjudge, declare and decree that:

(a) The denial of Wieder's claim for LTD benefits under the Plan was incorrect, wrong, unreasonable, arbitrary, capricious and an abuse of discretion;

(b) Wieder is entitled to LTD benefits under the Plan from July 18, 2013 to the present;

    (c)    Alternatively, Wieder's claim for LTD benefits should be remanded to Sun Life for further review consistent with the "full and fair review" requirements of ERISA;

    (d)    Wieder be awarded pre-judgment interest;

    (e)    Wieder be awarded post-judgment interest;

    (f)    Wieder be awarded costs;

    (g)    Wieder be awarded attorney's fees associated with this lawsuit; and

    (h)    Wieder be awarded all such other further and appropriate equitable relief.

Respectfully submitted,

SARAH E. WIEDER

By _____
                        Of Counsel

Richard F. Hawkins, III (VSB #40666)
THE HAWKINS LAW FIRM, PC
2222 Monument Avenue
Richmond, Virginia 23220
(804) 308-3040 (telephone)
(804) 308-3132 (facsimile)
rhawkins@thehawkinslawfirm.net

    Counsel for Plaintiff